Good morning, Your Honors. May it please the Court, Gabriel Miller of Kendall, Brill, and Klieger appearing as pro bono counsel this morning on behalf of the petitioner in this action, Jose De Jesus Avila Sandoval. Thank you very much for undertaking that representation. Your Honors, this petition is, we believe, fairly straightforward, and it requires the Court to decide one, and at most, two issues. The first and most important issue is whether or not the BIA satisfied its bedrock obligation to provide a reasoned explanation as to why it denied equitable tolling in connection with the petitioner's, my client's, motion to reopen in his most recent decision issued in August of 2009. In this regard, we start with the fundamental principle that the BIA abuses its discretion when it fails to provide a reasoned explanation for its actions. This Court has reaffirmed that principle on numerous occasions. Most Sissian v. Ashcroft at 395 F. 3rd at 1098 is just one such occasion, and there are numerous other cases cited in our briefs, opening brief at pages 18 through 20. I think, doesn't the BIA say, or doesn't the government say, that there was no brief filed on remand with regard to the equitable tolling? The government did make that argument, Your Honor, yes. And we would have several responses to that. First and foremost, the government offers no legal authority whatsoever for what is really a novel proposition that the inherent obligation of the BIA as an adjudicatory body, decision-making body, its obligation to provide a reasoned explanation. Well, I suppose the reasoned explanation was we're not giving equitable tolling because the petitioner hasn't told us any reason why he's entitled to it. Well, it could have even said that. It didn't even say that much. It didn't cite any legal authority whatsoever. I mean, at an absolute minimum, we would submit the BIA should have at least stated what the standard is in the Ninth Circuit for applying equitable tolling, and it didn't do that in this case. The government has cited, in multiple places within the government's brief, argued that, on page 16, and I'm quoting, the board, quote, properly declined to apply equitable tolling given the existing understanding of the doctrine under Ninth Circuit law, Ninth Circuit case law, end quote. That's in the government's brief at page 16. However, we have no way of knowing that's even true because the BIA didn't cite any law in connection with equitable tolling. If we were to remand, could the BIA just write, well, there was no cause shown, period, under discussion, or are you hoping that you would have a broader opportunity to address the merits before it, and if so, how could you do that? Yes, Your Honor, in response to the second option that you just presented. We would certainly present a brief outlining all of the facts to the BIA for purposes of equitable tolling, and it is unfortunate that we did not do so, and we were frankly expecting the BIA to issue a scheduling order asking for briefing, but that did not happen, and there was no such order. So the BIA did not have briefs, but the BIA had legal authority. It has even cited such legal standards in its other decisions. It's not that there wasn't a brief filed in response to a request. There was no request. I'm saying that the reason briefs weren't filed is because nobody asked for a brief. That's correct, Your Honor. They just went ahead with that one. Without asking for the parties' position. That's correct, Your Honor. I see. There was no scheduling order. If I understand what you, Your Honor, was just positing, there was no. You're saying there was no opportunity to submit a brief. The government is arguing that, I assume, that the petitioner could have submitted a brief absent any request from the BIA for briefs on the issues that were before the panel, before the board. No such scheduling order went out, so no briefs were submitted. Were you in the case by then? I was, Your Honor. Okay. You're just waiting, hey, tell me when I can file my brief. Yes, that's correct. You open the mail and here's denied go home. That's correct. That's right. And just to provide some context for the court, at that time there were actually two issues before the BIA. One was the voluntary departure issue, which was not before the court here, but there was at that time was a new issue for the BIA. And we fully expected that the BIA would ask for briefing because it was sort of entertaining a new question. And that's really one of the reasons, anyway, this court sent the case back to the BIA in the first place was to give the BIA an opportunity to adjudicate that issue. So when the decision came out with no opportunity or at least no scheduling order asking for briefs,  did you apply for reconsideration or whatever else? I mean, did you go back and say, please reconsider, let us file a brief that you didn't let us file? No, Your Honor. We thought that this would be the best avenue to seek, I mean, especially because it appeared from reading this decision that the BIA also just got conflated the two inquiries between equitable tolling and the sua sponte authority. As we explained in our opening brief and the government responded to briefly in a footnote, if you read the decision here, it appears as though the BIA decided that it didn't really have to discuss equitable tolling any more than the one sentence decision we have because it said, quote, in any event, we decline to exercise our sua sponte authority and then cut and pasted portions of its original decision into its new decision about sua sponte authority. And those are two distinct inquiries. And we admit, as the government points out, that this court has jurisdiction over reviewing the equitable tolling decision. This court does not have jurisdiction over a sua sponte authority decision. So it appears that it's a reasonable inference that the BIA conflated those two inquiries in its analysis. And that is also an abuse of law to the extent it did so. And I really don't know the answer to this, probably for the government, but could this court, if it decided to remand, and I don't know whether that will occur, also say something to the effect upon giving the parties an opportunity fully to be heard, comma, thereupon or thereafter file an opinion that sets forth the reasons for your decision, whatever that may be? Yes, Your Honor. I don't know if I can give that kind of directive. I'm not a judge, and I don't know. If I understand what you're positing correctly, I believe this court has the ability to remand it to the BIA and instructing the BIA to provide a reasoned explanation that sets forth its decision. Well, I guess what I was asking is could we also provide that they should listen to you first? I would certainly hope that you would request that, Your Honors. I think so. I think so. I don't know any case law on that point, Your Honor. Briefly and before your time runs out, tell us essentially what are you going to say to the BIA if they ask you your views? Why should there be equitable tolling? Your Honors, because under Sokoke Gonzalez, which is really the seminal case, certainly in this circuit with respect to equitable tolling and its progeny, the standard is that the alien, when you apply equitable tolling, when the alien is unable to obtain vital information bearing on his claim. And this is a quintessential example of such an instance. And the government has argued that we have not provided any cases. Doesn't that essentially read a changed circumstances rule into the cancellation provision, which isn't otherwise there with regard to reopening? In other words, my understanding is that there's grounds for reopening in other circumstances, but not necessarily here as a second reason. Has changed circumstances a reason to reopen in the cancellation context? Well, not in the, no, not in statutorily. But that's essentially what you're arguing for, right, because you're saying if something happens, it's not that there wasn't evidence before. You're saying if something happens after the time has run on a motion to reopen, then we can go back. I mean, it seems perfectly fair to allow you to do that, but I'm not sure that equitable tolling is the right rubric. Well, Your Honor, first of all, I just, in a, when we're here and asking for the court to exercise its equitable powers, I think we need to recognize or we would submit that the court would recognize the flexibility is of the utmost importance. And when you're dealing with a situation here where the timing of this discovery of this new evidence, which is incontrovertibly relevant to the underlying relief that's being sought, is so close to the expiration of the deadline, and the alien unquestionably, my client unquestionably was diligent in providing that information to the BIA, that the court would exercise its. Well, the court wouldn't do anything. The court would send it back to the BIA at this juncture instead. Right. That's correct. Well, can I ask about that actually? I thought we might have the authority to resolve the equitable tolling issue ourselves. Isn't that the relief you asked for in your brief? Well, Your Honor, at the end of our reply brief, we did submit some authority suggesting that in unusual circumstances where the BIA has already had an opportunity and now twice is denied a motion to reopen on timeliness grounds to decide an issue and has not done so sufficiently, which is the case here we submit, that the court could decide the issue in its first instance. On the other hand, there is some authority even since the reply brief was filed from this circuit, the Delgado v. Holder decision, which is an embalmed decision dealing with some other issues, not with equitable tolling specifically, but where the court said and remanded a case to the BIA because there was no, quote, meaningful review, unquote, possible, because the BIA failed to provide any reason basis for its decision. And I think that that is really what the court, the proper route for the court here. As much as we would like the court to decide the equitable tolling issue, I don't think it can under that order. Thank you very much. Good morning, Your Honor. May it please the court, Manuel Palau for the respondent in this case, the Attorney General. The board's treatment of the equitable tolling issue here was reasonable based on the record that was before it. All the board had to go on was the motion to reopen a file by Mr. Sandoval, which did not contain one single It didn't ask for briefs. That's correct, Your Honor. So, I mean, it didn't have any argument because it didn't ask for any argument in a way. That's correct, factually, yes. I mean, I I'm kind of surprised you're here defending this, actually. I mean, they just did, they were sent back. They did nothing. They didn't ask for the views of the parties. And now you're saying, well, they didn't have, they didn't have anything explanational. Of course they didn't. They didn't ask for one. That's not what I said. What I said, there's no facts here on which the board could possibly have applied equitable tolling. Okay, but then they had to explain that, which they didn't. In other words, I would understand an explanation that said we're not giving equitable tolling because the petitioner hasn't given us any reason, explanation for why he should if he'd been given a chance. So they wouldn't have to say anything else. But not having been given a chance, then we need something from the board saying why. Not from you, from the board. Understood, Your Honor. My point is that you need to look at, yes, agreed, they could have been more fulsome. But the issue here is that they abused their discretion by acting irrationally, arbitrarily, or contrary to law. And one of the standards is whether they explained themselves. I'm sorry, I missed that. And one of the standards for that is whether they explained themselves, and they clearly didn't. I believe they did, Your Honor. In the context of this case, there is not one fact in the record that argues for equitable tolling. In that context, if you look at the board's explanation, what they say is we find no basis to apply equitable tolling. Yes, sir. Finish, I apologize. My only point is that you've got to look at the context here, and the context was a lack of underlying evidence before the board. The board cannot find facts or evidence. All they had to go on was the motion to reopen and the attachments to that. That record is totally, totally devoid of any facts on which to base equitable tolling. If there had been facts in there relevant to equitable tolling, and we get the decision we have here, I understand Your Honor's point. Well, that's because I gather of an assumption about the legal standard. The assumption being that the legal standard requires something more than a post-reopening event that might have justified the relief saw. That's your legal assumption, right? In other words, what is your legal assumption about why there's no fact here? There is a fact. The fact is that something happened. Yes, ma'am. I'm sorry. I believe that goes to your changed circumstance point. All that the motion and the letter from the doctor showed was that since the day of the hearing, some four years prior, I believe, whenever it was, there was a change of circumstance. One of the daughters started exhibiting symptoms, and that's all we have. The best that gets you in a late filed motion to reopen is that you possibly have grounds for reopening based on something new that was not before the immigration court. We don't have any factors that he would have had to show in this motion. What do you think the factors are? I'm talking about facts, Your Honor, evidence. We've got to show, first of all, the motion was filed late. We don't know why it was filed late beyond the 90-day limit. We don't know what Mr. Sandoval knew was filed late. We don't know why he filed it late. We don't know when his daughter first exhibited symptoms. We don't know if those symptoms were not discovered by him somehow until a certain date. These are the underlying facts. I understand there's no briefing. That's a legal issue, and, yes, that would have been helpful, arguably, but I think the focus should be on the underlying facts before the board. I would submit to the court that if the board found equitable tolling on the facts before it, it would be a gross error because there are no facts to support the application of the principles under which tolling is decided. Is change circumstances a reason for reopening late? No, Your Honor. We submit it's not. It's previously ---- You said it might be. That's what confused me. I thought it wasn't either, but then you just said maybe it would be. Well, if I said that, I misspoke. My point is that the tolling is you've got 90 days to file the motion to reopen. If you file it late and the reason for the late filing is fraud, misrepresentation, or ignorance of some nature, that precludes ---- All right, so that's what I was trying to get at. So that is your assumption about the legal standard. The argument on the other side is that isn't the entire legal standard. So Papa Gonzales said there might be other reasons, too. And the board, as far as I know, has never taken the position that you're taking in any definitive way that it has to be fraud, whatever else you said, and not something else. So you are making an assumption about the board's reasoning, which we don't know whether it was that or not. Well, Your Honor, that's my point is, again, going back to the facts. And that is we don't know when Mr. Sandoval's daughter's circumstances changed. May I ask a question? I'm sorry. Did counsel file that letter and the documents that were filed that were before, or did counsel become involved in the case afterwards? No, my understanding is Mr. Sandoval filed the motion to reopen along with a letter and some other documents, yes. And at some point he got counsel. Let me ask, do you practice in front of that court? No, I don't. Okay. So you don't know what their routine procedure is, whether they ever issue a notice to sort of either supplement the record or provide a brief in support of the? I don't, Your Honor. Your Honor, my premise is that if that one way to go, which I'm not second-guessing counsel here, is you could have sought leave from the board to file briefs or even ask them to remand the case for fact-finding. That didn't happen. I don't know what their regular practice is, to be honest with you. But there is a footnote in Petitioner's brief about the exchange between him and I assume the clerk's office of the board about briefing. But also, it's from what I think I know about this board, it's not unusual for people to attach further information to their briefs, couldn't he, now that there was a lawyer, have supplied some of the facts? Your Honor, the board is not a fact-finding body. I understand that, but then the board can decide whether to remand or not. In other words, there's a motion to reopen. In terms of deciding whether there was a prima facie case, essentially, he could have submitted more material than was originally submitted. Had he had an opportunity to do so. He also could have affirmatively requested that opportunity. But, yes, I don't disagree with your main point. But the fact, again, I think the succinct decision here must be viewed in the light of what the board had before it. I think it's rather unusual to not have any facts which would support the issue they were asked to consider. But you're saying that assuming a legal standard, which may not be the legal standard, that's what's troubling me. There is no, Your Honor, there is no, the board could not apply a legal standard to the facts it had before it because none of the facts, there are no facts in the motion to reopen or the letter. It would not, even if changed circumstances, is it grounds for reopening, past 90 days. There weren't enough changed circumstances shown and supported here to justify doing so. Is that your contention? Your Honor, I think as we argue in our brief, changed circumstances beyond 90 days is never a ground for reopening. I understand that. Well, I think Judge Berzon may disagree with you, and I don't know where I am in the question. What I'm saying is we don't know whether you might, there could be equitable tolling on the ground that essentially there were new facts because something new happened. Maybe not because it does turn into a changed circumstances, but the board hasn't decided that. You're assuming it. But are you also saying that even so, there weren't adequate facts? Is that what you're saying? Even so. Even so. Even if that theory exists, there still weren't adequate facts. Is that what you're saying? Yes, I am, Your Honor. But I think it's pretty well understood. I mean, we're not talking equitable tolling standards now. We're talking motion to reopen standards. And those standards are governed by statute and regulation. And those standards provide that you must file your motion based on new or previously unavailable evidence within 90 days, period. So that didn't happen here. And there is not one fact in the late filed motion on which the board could have looked at and said, oh, this may be suitable for equitable tolling. It's just not there. I understand he was pro se, doesn't change the regulatory and statutory standards. If Mr. Sandoval files a motion after 90 days, it's incumbent on him in that motion to explain to the board why you should consider my motion, even though it was filed beyond the time limit specified by regulation and statute. We don't have that here. And there's not one indication. There's nothing, even though a petitioner argues in their brief that the letter from the doctor put is the first time the parents or Mr. Sandoval learned his daughter was having seizures and headaches, that's not in the record. All we have in the record is a letter dated after the 90 days saying the daughter's under my care. And that does not commit any kind of analysis of legal standards that apply to equitable tolling. There is no, I'm not aware of any cases by this court saying that changed circumstance after 90 days is a valid basis for tolling. Okay. Thank you very much. Thank you, Your Honor. I realize I'm out of time. I said I'd give you one minute. Oh, one minute. Thank you, Your Honor. Just to respond to a couple of points that came up. First and foremost, I think sort of girding this entire conversation, is that we don't know what standard the board had in mind, was applying, would have applied here. Counsel for the government has suggested that the board had no facts to apply, to which equitable tolling would have applied. And so then it was, therefore, in a sense, excused from even telling us and my client, most importantly, what the standard was that it was applying. Either it was the fraud, deceit, or error standard, if you will, from iterobaria and its progeny, that the government has cited, or maybe it's a different standard. We just don't know. We've also submitted that there were at least some facts before the board in the motion to reopen itself that the board could have considered or recited or something. None of that occurred here. And last, just to answer your question, because I don't believe the government knew, pro bono counsel is not appointed until October of 2008, I believe. Okay. But as I read the statute, I read it the way the government does. You've got a very narrow set of circumstances that you can raise after the 90 days. If I understand correctly, and perhaps I don't because I don't handle immigration cases like this at home, that statute was enacted to avoid this kind of situation, to say, okay, 90 days, you come in, and too bad if you didn't know about it for four months or four years or whatever afterwards. We're going to set a firm and fixed deadline, and everybody else who wants to come in and have the opportunity to avoid removal, you're out of luck, period, end of discussion, number one. If that's not correct, tell me. And number two, candidly, it seems to me to be a reasonable exercise of executive authority. If I were Congress, I probably wouldn't do it that way, executive or congressional authority. But on the other hand, I'm not so certain. And you don't argue that that's somehow inherently unconstitutional or whatever. So my real question is, can you show us anywhere where the 90-day limit, in fact, where the 90-day limit is not limited to the words of the statute, except for fraud, misrepresentation, error, whatever, in which case any court has said, no, we're not limited just to the words of the statute? Well, Your Honor, to answer that question directly, I believe Sokolp Gonzalez does that. All it says is some general language at the end of the thing. There might be something else. That's what you're relying on? That's correct. And that was, you know. But it does seem very difficult that the something else is a changed circumstance when the one thing we know is that there is no changed circumstance exception. I mean, that's all you've got is a changed circumstance. It's not any difficulty during the – equitable tolling usually means that there was some difficulty during the actual time period in bringing your case forward. You're sick. Your lawyer isn't representing you. Somebody's withholding the evidence from you. You're locked up in prison or something. But this is something else. This is something that happened afterwards. And as Judge Carr says, it's a fairly draconian statute, and it basically says there is no afterwards. I mean, it seems to me there are other parts of the statute that do have changed circumstances provisions, but this isn't one of them. I understand, Your Honor. I would just, you know, go back to the notion that the more general principle that was affirmed in Sokoff-Gonzalez with respect to equitable relief generally and equitable tolling. That's like calling an apple an orange. I mean, that's the problem. Yes, there's something else, but this particular thing probably can't be the something else. Well, we would hope that the BIA would find otherwise. We, unfortunately, just don't know here. All right. All right. Thank you very much. Thank you. Thank you both for what turned out to be a more interesting case than I hoped for. Sandoval v. Holder is submitted.
judges: Carr, Berzon, Watford